UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARIEL BARKER ON BEHALF OF HANNAH CLAIRE BARKER AND AVA ANTHONY BARKER** | **CIVIL ACTION** |
| **VERSUS** | |
| **THE CITY OF PLAQUEMINE, MAYOR EDWIN M. REEVES, JR., KENNY PAYNE, JAMES BREAUX, DEMETRE JACKSON VICTOR HEBERT, TRAVIS ROBERTS, AND XYZ INSURANCE COMPANY** | **JUDGE** <br><br> **MAGISTRATE** |
| **FILED:**_____ | _____ <br> **DEPUTY CLERK** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**COMPLAINT**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**PRELIMINARY STATEMENT**

1.   This is a civil rights action in which the Plaintiff, **ARIEL BARKER, ON BEHALF OF HANNAH CLAIRE BARKER AND AVA ANTHONY BARKER ("BARKER")**, her minor children, (hereinafter "Plaintiff") seek relief for the defendant's violation of David Anthony Ourso, Jr.'s ("OURSO") rights secured by the Civil Rights Acts of 1866, and 1871, 42 U.S.C. Section 1983, the rights secured by the Fourth Amendment by the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution, and for rights secured under the laws and Constitution of the State of Louisiana.

2.   BARKER is the biological mother of Hannah Claire Barker and Ava Anthony Barker (together the "minor children"), both minor children and surviving descendants of their deceased father, OURSO. BARKER asserts this action on behalf of the minor children as their natural tutrix.

3. BARKER, on behalf of the minor children, seeks relief in this survival action due to OURSO's wrongful death as a result of the negligence and fault of Defendants. Plaintiff seeks damages, compensatory and punitive, affirmative and equitable relief, an award of costs and attorney fees and such other further relief as this court deems equitable and just.

## JURISDICTION

4. Jurisdiction is conferred upon this Court by 28 U.S.C. Section 1331, 1342 (3) and (4) by this action being an action seeking relief for the violation of the Plaintiffs' constitutional and civil rights. The amount of damages in controversy is in excess of $75,000.00 exclusive of interests and costs.

5. Plaintiff invokes this Court's pendent jurisdiction over any and all state law claims and causes of action, which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action.

6. Plaintiff demands a trial by jury on each and every one of their claims as pled herein.

## VENUE

7. Venue is proper for the United States District Court for the Middle District of Louisiana pursuant to 28 U.S.C. Section 1391 9 (a), (b) and (c) as the transactional events constituting the alleged tortuous behavior arose and occurred within Iberville Parish.

## PARTIES

8. BARKER is a resident of the United States who is and was at all times relevant herein a resident of the Parish of East Feliciana, State of Louisiana.

9.    Made Defendant is **THE CITY OF PLAQUEMINE** through Mayor Edwin M. Reeves, Jr., at all times pertinent herein, the employer of the defendant officers herein. Defendant The City of Plaquemine enjoys ultimate supervisory, regulatory, and corrective authority over each and every law enforcement officer herein, and bears ultimate personal and vicarious liability for the negligent conduct of the same. Further, Defendant, The City of Plaquemine, has ultimate policy making authority with respect to the conduct and procedures of the Plaquemine Police Department. The City of Plaquemine's principal place of business is 23640 Railroad Avenue, Third Floor, Plaquemine, Louisiana 70764.

10.    Defendant, **KENNY PAYNE**, (hereinafter "Payne") is the Chief of Police for The City of Plaquemine at the Plaquemine Police Department, the employer of the defendant officers herein. Payne enjoys ultimate supervisory, regulatory, and corrective authority over each and every law enforcement officer herein, and bears ultimate personal and vicarious liability for the negligent conduct of the same. Further, Defendant, Payne, has ultimate policy making authority with respect to the conduct and procedures of the Plaquemine Police Department. Plaintiff sues Payne in his individual and official capacity concerning the actions leading to David Anthony Ourso, Jr.'s death and for the initial cover up of those illegal acts. Payne's principal place of business is 23540 Railroad Avenue, Plaquemine, Louisiana 70764.

11.    Defendant, **JAMES BREAUX**, (hereinafter "Breaux") is an officer employed by the Plaquemine Police Department.  At all pertinent times herein, Breaux was acting in his capacity as agent, servant, and employee of Plaquemine Police Department, and within the scope of his employment as such.  Plaintiff sues Breaux in his individual and official capacity.

12.    Defendant, **DEMETRE JACKSON**, (hereinafter "Jackson") is employed by the Plaquemine Police Department.  At all pertinent times herein, Jackson was acting in his capacity

as agent, servant, and employee of Plaquemine Police Department, and within the scope of his employment as such. Plaintiff sues Jackson in his individual and official capacity.

13. Defendant, **VICTOR HEBERT**, (hereinafter "Hebert") is a Detective employed by the Plaquemine Police Department. At all pertinent times herein, Hebert was acting in his capacity as agent, servant, and employee of the Plaquemine Police Department, and within the scope of his employment as such. Plaintiff sues Hebert in his individual and official capacity.

14. Defendant, **TRAVIS ROBERTS**, (hereinafter "Roberts") is an officer employed part-time by the Plaquemine Police Department. At all pertinent times herein, Roberts was acting in his capacity as agent, servant, and employee of the Plaquemine Police Department, and within the scope of his employment as such. Plaintiff sues Roberts in his individual and official capacity.

15. Defendant, **XYZ INSURANCE COMPANY** is the insurance carrier for **CITY OF PLAQUEMINE** and had an insurance policy in effect at the time of this incident. After adequate discovery, Plaintiff will be amending the complaint to reflect the proper party defendant insurance carrier.

16. At times relevant herein, all law enforcement officials herein were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of their employer named herein, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and behalf of their employer Plaquemine Police Department at all times relevant herein with the power and authority vested in them as officers, deputies, agents, and employees of their employer and incidental to the lawful pursuit of their duties as officers, deputies, employees, and agents of their employer.

17. As such, the defendants The City of Plaquemine through Mayor Reeves, Plaquemine Police Department, and Kenny Payne are liable to Plaintiff for punitive damages because their express policies and widespread and well-settled practices, including failures of supervision, monitoring, and oversight, were ubiquitous throughout the department and operated with the force of law to deprive David Anthony Ourso Jr. his rights pursuant to the Supreme Court's holding in Monell v. New York, and that the illegal and unconstitutional actions of Defendants were ratified and condoned by supervisory officers and officials of the Plaquemine Police Department and the City of Plaquemine.

## STATEMENT OF FACTS

18. On June 1, 2016, Plaquemine Police received a telephone call complaint about an individual moving around the neighborhood hollering and screaming for help. Accordingly, Plaquemine Police dispatched officers to the area to investigate the complaint.

19. Plaquemine Police Department officers Breaux, Roberts, and Jackson, all of whom were wearing cameras affixed to their bodies and properly functioning, responded to the complaint and began to search the area for someone fitting the description of the man described in the call. Breaux and Jackson had been riding together as Breaux was in field training under Jackson's supervision.

20. Officers Breaux, Roberts, and Jackson first approached Gabriel Agosta ("AGOSTA"), who had been in the area at the time jogging, and detained him. Upon initial questioning of Agosta, Officers Breaux and Jackson placed him in the back of their police unit. They then continued their search for the individual described in the call, later identified as the deceased, OURSO.

21. Upon locating OURSO, who was pantless at the time, officers gave him two commands. OURSO was told, "don't move" and "put your hands up." OURSO complied with both commands.

22. Despite OURSO's cooperation and full control of the scene by the officers, a fourth officer, off-duty Det. Hebert, grabbed OURSO and slammed him down to the concrete face down, moving OURSO from resting on his knees with his hands open and in the air. Pantless OURSO posed no threat to the safety of the four officers, himself or to others and had not been accused of or given officers reason to believe he had committed any crimes.

23. Nevertheless, Officers Roberts, Breaux, Jackson, and off-duty Det. Hebert utilized the prone restraint maneuver to further restrain OURSO, and they held him down by his arms and legs. One officer stepped on his hand.

24. Despite OURSO's cry for help, complaints that he could not breathe, and his assertion that he was dying, all four officers remained deliberately indifferent to OURSO's obvious need for immediate medical care. Instead, one of the four officers instructed his fellow officer to break cooperative OURSO's arm and to handcuff him. Another of the four officers then placed his knee on OURSO's head. A third officer, Roberts, placed his knee with his full weight onto OURSO's back.

25. None of the four officers rendered in care or concern to OURSO's obvious need for medical care. Instead, as OURSO pleaded with them for help to breathe, the officers told OURSO, "you can breathe when you calm down."

26. Soon after OURSO's repeated calls for medical care, his body went lifeless.

27.     A fifth officer, Sgt. Gleason, then arrived on scene, and after noticing OURSO's lifeless body, Gleason instructed the officers to remove the handcuffs and to evaluate whether OURSO was breathing. OURSO was not breathing.

## FIRST CLAIM

42 U.S.C. Section 1983

(Against All Law Enforcement Officials)

28.     Plaintiff incorporates by reference all allegations set forth in Paragraphs 1 through 27 is fully set forth herein.

29.     By engaging in false arrest, false imprisonment, battery, assault and kidnapping, the Defendants herein have deprived David Anthony Ourso, Jr. of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983 and of rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. As a direct proximate result of the misconduct and abuse of the authority averred to above, David Anthony Ourso, Jr. died and Plaintiff has suffered and continue to suffer psychological pain, suffering and mental anguish, and other damages to be more specifically averred at trial.

## SECOND CLAIM

Pendant State Law Claim

(Against all Defendants)

30.     Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-27 as fully set forth herein.

31. On information and belief, the Defendant, Plaquemine Police Department failed to effectively screen, hire, train, supervise and discipline its officers on how to handle aggressive situations.

32. Under the doctrine of respondent superior, the Defendants, the City of Plaquemine through Mayor Reeves, and Kenny Payne are fully responsible for the acts of the individual employees of same named herein.

33. By the actions described above, the Defendants, the City of Plaquemine through Mayor Reeves, and Kenny Payne have committed the following wrongful acts against the Plaintiff, which are tortuous under the law:

    a. Assault;

    b. Negligence in causing physical injury;

    c. Intentional infliction of emotion distress;

    d. False arrest;

    e. False imprisonment without consent;

    f. Negligent hiring;

    g. Negligent training;

    h. Kidnapping; and

    i. Violation of rights otherwise guaranteed by under state and federal law.

    j. Wrongful death of decedent

34. The foregoing acts and conduct of the Defendants were the proximate cause of the Plaintiff's injuries and OURSO.'s death.

35.     Plaintiff, individually and on behalf of OURSO seeks compensation for damages which were the direct and proximate result of the acts and omissions of the City of Plaquemine, the Plaquemine Police Department and their employees, including all federal and state-based claims for wrongful death, survival damages, and for the violation of civil rights in the amount of $6,000,000.00 for the following non-exclusive particulars:

    a.    Wrongful death;

    b.    Physical pain and suffering;

    c.    Mental and emotional pain and suffering, including humiliation, aggravation, anxiety, inconvenience, fear, fright and intimidation;

    d.    Deprivation of rights, privileges, and immunities secured to plaintiff and all citizens;

    e.    Punitive and exemplary damages;

    f.    Lost wages, earning capacity, future earnings and parental economic support;

    g.    Loss of consortium, support, society, and affection; and

    h.    Any and all other legal relief deemed appropriate and equitable by the trier of fact.

**WHEREFORE,** Plaintiff Ariel Barker, on behalf of Hannah Claire Barker and Ava Anthony Barker, prays that after due proceedings had, there be judgment rendered herein in his favor and against Defendants the City of Plaquemine through Mayor Edwin M. Reeves, Plaquemine Police Department, Kenny Payne, James Breaux, Demetre Jackson, Victor Hebert, and Travis Roberts in the full sum of $6,000,000.00 in compensatory, punitive, and general and special damages, and for such other relief as this court may deem just and appropriate.

**FURTHER** Plaintiff prays for all costs and expenses incurred in this litigation, and reasonable attorney's fees pursuant to 42 U.S.C. 1988.

**FURTHER** Plaintiff prays for and demands trial by jury as to all issues.

Dated:  May 25, 2017

Respectfully Submitted,

by:

/s/ Shannon L. Battiste_____
**Shannon L. Battiste**
**Bar Roll Number 30198**
**607 N. Alexander Ave**
**Port Allen, LA 70767**
**Ph: (225) 361-0424**
**Fax: (225) 400-9060**
**email: attorneybattiste@yahoo.com**


/s/ Harry R. Brown, Jr._____
**Harry R. Brown, Jr.**
**Bar Roll Number 32364**
**2345 Drusilla Lane, Suite J**
**Baton Rouge, LA 70809**
**Telephone: (225) 938-5556**
**Facsimile: (225) 224-6183**
**email:  harry@hrbrownlaw.com**

Attorneys for Petitioner