UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ARIEL BARKER                                                              CIVIL ACTION

VERSUS

                                                                  NO. 17-340-SDD-RLB

THE CITY OF PLAQUEMINE, ET AL.

**ORDER**

Before the Court is Defendants' Motion to Compel Plaintiff's Discovery Responses (R. Doc. 59) filed on June 12, 2020. The deadline for filing an opposition has expired. LR 7(f). Accordingly, the motion is unopposed.

Defendants seek an order compelling Plaintiff to respond to Interrogatories and Requests for Production served on January 23, 2020. (R. Docs. 59-3, 59-4).

In light of the COVID-19 pandemic, the parties sought and obtained an extension of the non-expert discovery deadline from April 15, 2020 to June 15, 2020. (R. Docs. 56, 57). Defense counsel sent e-mail correspondence to Plaintiff's counsel on April 14, 2020 and May 14, 2020 seeking updates on Plaintiff's discovery responses. (R. Doc. 59-7). Plaintiff's counsel responded on May 20, 2020 to provide that he was working on obtaining complete responses from Plaintiff and that the parties may want to seek another extension of the discovery deadline. (R. Doc. 59-8).

On June 9, 2020, the parties filed another joint motion seeking an extension of the non-expert discovery deadline from June 15, 2020 to August 14, 2020. (R. Doc. 58). The motion notes that "Plaintiff's discovery responses remain outstanding, as Plaintiff and her counsel have been unable to meet to execute certain documents." (R. Doc. 58 at 2).

On June 12, 2020, Defendants filed the instant motion. (R. Doc. 59).

On June 19, 2020, the Court granted the parties' joint motion and extended the non-expert discovery deadline to August 14, 2020. (R. Doc. 60).

To the extent Defendant filed the instant motion to compel in light of the previous deadline to complete non-expert discovery, the extension of the non-expert discovery deadline moots that concern. Furthermore, the Court will not compel the sought discovery responses because Defendant has not satisfied the requirements of Rule 37(a)(1) or this Court's Scheduling Order. Rule 37(a)(1) requires "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Court's Scheduling Order also provides that "[a]ny motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice." (R. Doc. 53 at 1).

Defendant's Rule 37 Certificate merely provides that defense counsel "conferred via electronic mail with Plaintiff's counsel in a good faith effort to resolve the discovery matter that is the subject of this motion." (R. Doc. 59-9). The e-mail correspondence attached to the motion, however, seek updates on the outstanding discovery requests and discuss potential extensions of the discovery deadline. There is no evidence in the record of any in-person or telephone discussions or "conference" regarding the discovery responses. The correspondence also does not refer to or mention the possibility of court action or a motion to compel. Accordingly, the Court will deny the instant motion to compel.

It is unclear to the Court, however, why Plaintiff did not file an opposition or any response whatsoever to the instant motion and has not otherwise provided any responses to

written discovery served on January 23, 2020.  Given the record, including the new discovery deadline, the Court will set Plaintiff's deadline to respond or object to Defendant's Interrogatories and Requests for Production. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2).  If Plaintiff fails to provide responses by that date, Defendant may file an appropriate motion to compel after conferring or attempting to confer with Plaintiff as required by Rule 37(a)(1) and this Court's Scheduling Order.

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Compel Plaintiff's Discovery Responses (R. Doc. 59) is **DENIED**,

**IT IS FURTHER ORDERED** that Plaintiff's deadline to respond to Defendant's Interrogatories and Requests for Production served on January 23, 2020 is set for **July 10, 2020.** If responses are not provided by that date, Attorney Battiste and Attorney Johnson shall confer directly on the telephone **on or before July 14, 2020** for purposes of Rule 37(a)(1).  Should the Court still be required to compel responses to this outstanding discovery, the non-prevailing party or attorney will almost certainly be required to pay the full attorneys' fees and costs associated with the filing of such motion.

Signed in Baton Rouge, Louisiana, on July 7, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**